UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LISA ST. MARTIN, individually and**             **CIVIL ACTION**
**on behalf of her minor daughter**
**AMBER COMO**

**VERSUS**             **NO. 08-1047**

**ST. JOHN PARISH SHERIFF**             **SECTION "C" (5)**
**WAYNE JONES, ET AL.**

### ORDER AND REASONS

Before the Court is defendant Wayne Schaeffer's motion to stay these proceedings. (Rec. Doc. 19.) Plaintiffs have not filed an opposition but do have an objection as noted by Schaeffer in his memorandum in support. For the following reasons, the motion is GRANTED IN PART, DENIED IN PART.

**I.  BACKGROUND**

In January 2008, Schaeffer was a St. John Parish Deputy and was indicted on several charges including one count of attempted sexual battery against plaintiff, Lisa St. Martin in the 40th Judicial District Court, Parish of St. John the Baptist. On February 19, 2008, St. Martin initiated this action on her behalf and on the behalf of her daughter, against Schaeffer, alleging violations of 42 U.S.C. § 1983 for abuse of police power, assault, assault with the intent to commit false imprisonment, sexual battery, attempt to commit sexual battery and sexual harassment. The St. John Parish Sheriff, Wayne Jones, the St. John Parish Sheriff's Office, and the Office of the Parish of St. John were also sued for gross negligence in ignoring prior complaints against Schaeffer and ignoring clear and convincing prior notice of abuse of police power by Schaeffer. The state court criminal action was set for a status conference in June 2008. The outcome of the conference is unknown.

On June 12, 2008, Schaeffer filed this motion to stay requesting that this civil proceeding

be stayed pending the outcome of the state criminal matter. Schaeffer argues the matter should be stayed because both this case and the criminal case have substantial overlap, he has been indicted in the criminal matter, a stay will not substantially prejudice plaintiffs and may actually assist their case, moving forward with discovery will force Schaeffer to invoke his Fifth Amendment rights, moving forward will cause an unnecessary burden and prejudice to Schaeffer, and it is in the Court's and the public's best interests to stay this case pending resolution of the criminal matter. No opposition has been filed by the plaintiffs but objection to the stay has been noted.

**II.   LAW AND ANALYSIS**

District courts have discretion to stay a case when the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied,* 371 U.S. 955 (1963). In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider the following factors: (1) the extent to which the issue in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interest of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Dominguez v. Hartford Fin. Serv. Group*, 530 F.Supp. 2d. 902, 905 (S.D. Tex. 2008); *Shell Offshore Inc. v. Courtney*, 2006 WL 1968926 (E.D.La. 2006).

The civil proceeding pending before this Court overlaps - to some extent - with the criminal proceeding. At issue in the criminal proceeding is, *inter alia*, the alleged criminal act of sexual battery of St. Martin by Schaeffer. At issue in the civil case is the injury that the alleged sexual battery caused St. Martin including the emotional distress she may have suffered as well as any civil

rights violations the act may have caused.  Nevertheless several differences exist between the two cases.  The most important of these differences is the identity of the defendants in each case.  In the criminal matter, the defendant is Wayne Schaeffer.  In the civil matter, however, in addition to Schaeffer, the plaintiff alleges that Schaeffer's employer is responsible, including  Wayne Jones, as Sheriff of St. John Parish, the St. John Parish Sheriff's Office, and the St. John Parish Office.

Next, Schaeffer has been indicted in the criminal proceeding and a status conference took place in June 2008 at which time it was anticipated a trial date would be set.   Stay of a civil case is "most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has been issued, and, second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."  *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, at*2 (N.D.Tex. 2002). Because the civil and criminal issues are so closely intertwined, proceeding with the civil action including proceeding with the discovery process would present the risk that Schaeffer would have to expose his criminal defense strategy and lead to his either incriminating himself in the criminal action or lead to his taking the Fifth Amended in the civil case and thereby, defeat the discovery process.  Yet, since the remaining civil defendants face no criminal exposure, this factor would not weigh strongly for a stay as to their liability.

Turning to the burden placed on the plaintiffs resulting from a stay, the courts require more prejudice than "simply a delay in his right to expeditiously pursue his claim."  *State Farm Lloyds v. Wood*, 2006 WL 3691115, at *2 (S.D.Tex. 2006)(citing *In re Aldephia Commc'ns Sec. Litig.*, 2003 WL 23358819 (E.D.Pa. 2003)).  Since plaintiffs filed no formal opposition to Schaeffer's motion,

3

there is no assertion of prejudice in the present case. Further, criminal actions proceed quicker through the judicial system than civil actions due to separate constitutional speedy trial protections that attach to such proceedings. As such, conviction or acquittal will be resolved fairly quickly at which point either party can move for a lift of the stay to proceed with this action.

Schaeffer's private interests in securing a stay and the burden that would result if the stay were denied fall in favor of staying the case pending the state criminal court's decision. Schaeffer faces a conflict between incriminating himself by moving forward with discovery in the civil case or by invoking his Fifth Amendment right thereby defeating any discovery to the plaintiffs. By issuing a partial stay, the Court removes this conflict and allows Schaeffer to proceed in his criminal case without any burden that he would be harming his defense of that case by responding to discovery in this matter. The remaining defendants do not face such a conflict.

A partial stay is better for judicial efficiency and economy. If the civil action is partially stayed as to Schaeffer until the conclusion of the state court criminal proceedings, the remaining defendants and the plaintiff may still have a meaningful exchange of discovery on the broader liability alleged by the plaintiff.

To the extent that none of the rights of the parties are infringed upon, societal needs can be best served through progress in both the civil and criminal arenas.

### III.     CONCLUSION

The Court finds that defendant Schaeffer has adequately met his burden in demonstrating that a stay is warranted pending resolution of the state court criminal proceedings. Therefore, discovery as to defendant Schaeffer is stayed for a period of six months.

The Court also finds that a stay in discovery is not justified as to the remaining defendants,

since they face no criminal exposure.

The parties are to update the Court on the progress of the criminal case. If necessary at a later date, the Court will consider whether an additional stay is justified. Accordingly,

**IT IS ORDERED that Defendant's Motion to Stay (Rec. Doc. 19) is GRANTED IN PART, DENIED IN PART.**

New Orleans, Louisiana, this 2nd day of October, 2008.

                    **HELEN G. BERRIGAN**
                    **UNITED STATES DISTRICT JUDGE**